IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DANNY ROY JONES          )
                         )
     v.                  )     NO. 3:06-0228
                         )
LORI PITTMAN             )

TO: Honorable Aleta A. Trauger, District Judge

**REPORT AND RECOMMENDATION**

By order entered January 22, 2007 (Docket Entry No. 25), the Court remanded this action to the Magistrate Judge for re- consideration, in light of additional evidence which had been provided by the parties, of the motions of the United States of America to be substituted as the defendant in this action (Docket Entry No. 3) and to dismiss the action (Docket Entry No. 4).

For the reasons set out below, the Court recommends that the motions be granted and this action be dismissed.

**I. COMPLAINT**

The plaintiff is an employee of the United States Department of Agriculture ("USDA") working in the Natural Resources Conservation Service ("NRCS") division. On March 10, 2006, he filed a complaint in the General Sessions Court of Rutherford County, Tennessee against Lori Pittman, who is also a co-worker of the plaintiff. The articulated basis for the complaint is "character defamation which commenced September 12, 2005." See Attachments to Docket Entry No. 1. The plaintiff alleges that, on September 12, 2005, Ms. Pittman falsely accused him of

exposing himself and masturbating in the office in which they both work. Her accusation led to an administrative investigation of the incident which concluded in October 2005, with a determination that no corrective action would be taken against the plaintiff because the results of the investigation were inconclusive.

## II. PROCEDURAL BACKGROUND

On March 23, 2006, the United States Attorney for the Middle District of Tennessee filed a certification that Ms. Pittman was acting within the scope of her employment as an employee of the United States at the time of the acts complained of by the plaintiff. See Docket Entry No. 2. Based upon the certification and pursuant to 28 U.S.C. § 2679(d)(2), the United States removed the action to this Court, see Docket Entry No. 1, and filed a motion to substitute the United States of America as the defendant in the action. See Docket Entry No. 3. Additionally, the United States filed a motion to dismiss (Docket Entry No. 4), pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, claiming that plaintiff's cause of action for defamation is specifically barred by the terms of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2680(h).

In response, the plaintiff filed a motion (Docket Entry No. 7) to remand contending that Ms. Pittman was not acting within the scope of her employment when she made the allegations about him. In support, the plaintiff submitted his own affidavit (Docket Entry No. 7-2), which he argued established a factual question as to whether Ms. Pittman made false statements about him outside the administrative process and thus acted outside the scope of her employment. The plaintiff later supplemented his motion with the affidavit of James Ford (Docket Entry No. 11-2), an employee of the USDA.

On November 17, 2006, the Magistrate Judge issued a Report and Recommendation (Docket Entry No. 15) recommending that the United States' motion to substitute and motion to dismiss be granted. The Magistrate Judge found that the plaintiff's supporting affidavits did not show that Ms. Pittman made statements about the plaintiff to anyone outside of the administrative complaint process at the USDA and, therefore, the plaintiff had not supported his contention that she acted outside the scope of her employment.

The plaintiff filed a motion (Docket Entry No. 16) for de novo review of the Report and Recommendation and produced, for the first time, an affidavit from Ms. Pittman generated in connection with the investigation of a complaint of discrimination which the plaintiff had made with the USDA. See Docket Entry No. 16-2. In her affidavit, Ms. Pittman states that she discussed her allegations about the plaintiff's behavior with five USDA employees. The plaintiff contends that these individuals were "outside her chain of command" and, thus, her discussions with them occurred outside the scope of her employment. See Docket Entry No. 16-1 at 1.

After consideration of the plaintiff's motion and the United States' response (Docket Entry No. 18), the Court rejected the Report and Recommendation, denied the United States' motion to substitute and motion to dismiss, granted the plaintiff's motion to remand, and remanded the case to the General Sessions Court for Rutherford County, Tennessee. See Memorandum and Order entered January 3, 2007 (Docket Entry No. 19).

The United States thereafter filed a motion (Docket Entry No. 22) for reconsideration of the January 3, 2007, Memorandum and Order. The United States argued that Ms. Pittman's conversations with Cindy Edwards, who is a co-worker, Paula Schroth, who is Ms. Pittman's assistant, and Susan Hopkins, the state administrative officer for NRCS, were all within the scope

3

of her employment. The United States asserts that Hopkins is a managerial official who was properly made aware of Ms. Pittman's allegations, that Ms. Pittman's converstaion with Schroth occurred at the directive of one of the division's supervisors and only after the supervisor had retrieved Schroth from a meeting so that she could speak with Ms. Pittman, and that Ms. Pittman's conversation with Edwards was the type of conversation set out as an example in an employee brochure given to USDA employees of what employees should do if they felt sexually harassed at work. In support of its motion, the United States produced the affidavit of Susan Hopkins (Docket Entry No. 24).

On January 22, 2007, the Court entered a Memorandum and Order (Docket Entry No. 25) vacating the Order of Remand entered January 3, 2007, based on the ruling in Osborn v. Haley, 549 U.S. _, 127 S.Ct. 881 (2007). In Osborn, the Supreme Court ruled that once the Attorney General certifies that a federal employee is acting within the scope of her employment in a Westfall Act case, the case may not be remanded to the state court and the federal court must maintain jurisdiction over the case even if the federal court determines that the certification by the Attorney General was erroneous. The action was referred to the Magistrate Judge for reconsideration of the United States' motion to substitute and motion to dismiss in light of the new evidence which had been provided to the Court subsequent to the initial Report and Recommendation.

## II. MOTION TO SUBSTITUTE

In relevant part, The Federal Employees Liability Reform and Tort Compensation Act of 1988 ("the Westfall Act"), 28 U.S.C. § 2679(d)(2), "shields federal employees from liability for common law torts committed within the scope of employment." Henson v. National Aeronautics

4

and Space Administration, 14 F.3d 1143, 1147 (6th Cir. 1994). Section 2679(d)(2) of the Westfall Act provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for the purposes of removal.

28 U.S.C. § 2679(d)(2). Under the Westfall Act, the United States shall be substituted for the employee as a defendant in any common law tort action initiated against an employee as long as the employee was acting within the scope of her employment. Henson, supra.

The certification from the Attorney General provides prima facie evidence that the employee was acting within the scope of her employment. RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1143 (6th Cir. 1996). However, the certification can be challenged by the plaintiff and is subject to judicial review. Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 434 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995); Singleton v. United States, 277 F.3d 864, 870 (6th Cir. 2002); Arbour v. Jenkins, 903 F.2d 416, 421 (6th Cir. 1990). A plaintiff challenging a certification must present evidence from which the Court reasonably could find that the employee who is named as a defendant acted outside the scope of her employment when committing the alleged acts that form the basis for the complaint. Singleton, 277 F.3d at 871; Pritchett v. Johnson, 402 F. Supp. 2d 808, 812 (E.D. Mich. 2005). At a minimum, the plaintiff must produce evidence that raises a genuine

issue of material fact on the scope-of-employment issue. McAdams v. Reno, 64 F.3d 1137, 1145 (8th Cir. 1995).

The ultimate question of whether Ms. Pittman acted within the scope of her employment in making statements about the plaintiff is a question of law governed by the law of the state where the conduct occurred. Singleton, 277 F.3d at 870; Woods v. McGuire, 954 F.2d 388, 390 (6th Cir. 1992). Under Tennessee law, an employee acts within the scope of his employment if the employee's conduct meets the following test:

> (1) Conduct of a servant is within the scope of employment if, but only if:
>
>> (a) it is of the kind he is employed to perform;
>>
>> (b) it occurs substantially within the authorized time and space limits;
>>
>> (c) it is actuated, at least in part, by a purpose to serve the master; and
>>
>> (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.
>
> (2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time and space limits, or too little actuated by a purpose to serve the master.

See Tennessee Farmers Mut. Ins. Co. v. American Mut. Liab. Ins. Co., 840 S.W.2d 933, 938 (Tenn. Ct. App. 1992).

In the prior Report and Recommendation (Docket Entry No. 15), the Magistrate Judge found that the plaintiff failed to rebut the certification because he had not presented evidence showing that Ms. Pittman published the allegedly false allegations against him outside the administrative process. The Magistrate Judge found that neither of the two affidavits submitted by the plaintiff provided any actual evidence showing that Ms. Pittman made defaming statements about the plaintiff, let alone

6

that she made such statements outside the administrative process, and that any comments made by Ms. Pittman to supervisors or management via the administrative complaint process available to her at her workplace fell within the scope of her employment. See Docket Entry No. 15 at 6-9.

After review of the newly submitted evidence, the Magistrate Judge's conclusion that the certification has not been rebutted by the plaintiff and that the actions of Ms. Pittman were within the scope of her employment remains unchanged. Accordingly, the Magistrate Judge recommends that the United States's motion to substitute be granted.

There does not appear to be any factual dispute between the parties about whom Ms. Pittman spoke to on September 12, 2005, concerning her allegations. She first relayed her allegations to Cindy Edwards. See Interview with Lori Pittman (Docket Entry No. 23-2) at 1; Statement of Lori Pittman (Docket Entry No. 23-3) at 3; Statement of Cynthia Edwards (Docket Entry No. 23-5) at 1; Affidavit of Lori Pittman (Docket Entry No. 16-2) at 2. She then spoke to Mike Hart, who was the plaintiff's direct supervisor and who was the only manager available at the time because the other managers were in a meeting. See Interview with Lori Pittman at 1; Statement of Lori Pittman at 3; Affidavit of Lori Pittman at 2-3; Affidavit of Mike Hart (Docket Entry No. 23-6) at 2.

Mr. Hart then retrieved Paul Fulks, who was Ms. Pittman's supervisor, and Vic Simpson, who was Mr. Hart's supervisor, from the management meeting and explained the situation to them. See Affidavit of Mike Hart at 3. They called Susan Hopkins to determine how to proceed and were informed by Ms. Hopkins to obtain statements from the plaintiff and Ms. Pittman. Id.; Affidavit of Susan Hopkins (Docket Entry No. 24) at ¶ 2. Mr. Hart, Mr. Fulks, and Mr. Simpson then interviewed Ms. Pittman concerning her allegations. See Interview of Lori Pittman. After the interview, they instructed Ms. Pittman to take administrative leave for the day and to have Paula

7

Schroth drive her home. Id. Later that day, Ms. Hopkins telephoned Ms. Pittman at her home to discuss the events of that day. See Affidavit of Hopkins at ¶ 3. Ms. Schroth had also been requested by Mr. Hart to console Ms. Pittman prior to the interview since Ms. Pittman was very upset. See Affidavit of Paula Schroth (Docket Entry No. 23-7) at 2.

The statements Ms. Pittman made to Mr. Hart, Mr. Fulks, Mr. Simpson, and Ms. Hopkins were all clearly made within the scope of her employment as these four individuals are all supervisory or management employees who were involved in the process of investigating Ms. Pittman's complaint of the conduct of the plaintiff. Making a workplace complaint to management is not different in kind from the conduct employees are authorized to perform, is within the authorized time and space limits of the workplace, and is actuated by a purpose to serve the master by ensuring a safe and appropriate workplace. See Coleman v. United States, 91 F.3d 820, 824 (6th Cir. 1996) (the filing of an internal grievance or an administrative complaint is generally within the scope of a federal employee's employment).

The plaintiff argues that Mr. Hart, Mr. Simpson, and Ms. Hopkins were "outside of her chain of command," see Plaintiff's Motion for De Novo Review (Docket Entry No. 16-1 at 1), presumably because they were not her direct supervisors. This argument is unpersuasive. First, the plaintiff has not shown any legal authority for using a "chain of command" test to determine the scope of an employee's authority. Further, regardless of whether or not these three individuals had direct supervisory authority over Ms. Pittman, the undisputed facts of this case show that they were all supervisory management employees involved in investigating Ms. Pittman's complaint.

8

This leaves Ms. Pittman's conversations with Cindy Edwards and Paula Schroth as the only two conversations at issue.[1] Neither of these individuals is a management or supervisory employee and neither was a part of the investigative process. However, the Court finds that Ms. Pittman nonetheless acted within the scope of her employment when she spoke to these two individuals about the incident. First and foremost, as the United States has pointed out, the USDA has itself suggested to its employees through a USDA informational brochure that they talk with co-workers as a means of emotional support if they feel as if they have been sexually harassed in the workplace. See Attachment to Docket Entry No. 24. For the plaintiff to have first approached Ms. Edwards about the incident shortly after it occurred is thus not only an act contemplated by her employer, but an act suggested and encouraged by her employer. As such, it would be illogical to conclude that her actions fell outside the scope of her employment.

Further, with particular respect to Ms. Schroth, the undisputed facts show that Ms. Pittman only spoke to Ms. Schroth at the directive of her employer since Ms. Schroth was instructed by Mr. Hart to console Ms. Pittman prior to her interview and was then later instructed to drive Ms. Pittman to her home. Certainly, Ms. Pittman cannot be deemed to have acted outside the scope of her employment by engaging in conversations with a co-worker who was specifically directed to approach Ms. Pittman about the events at issue.

Although the plaintiff has made three separate attempts to rebut the United States' certification of the scope of authority, he has failed to present evidence supporting his assertion that Ms. Pittman defamed him to other individuals in the workplace. The evidence which is before the

---

[1] The plaintiff has not set forth evidence of any other employee to whom Ms. Pittman is alleged to have made a statement about the plaintiff and the incident in question.

Court shows that the statements made by Ms. Pittman were limited, were primarily made at the direct request of management and supervisory employees, and were of the kind and nature contemplated by her employer in a situation in which workplace sexual harassment was at issue. All of these factors lead to a finding that Ms. Pittman acted within the scope of her employment in making the statements complained about by the plaintiff.

## B. MOTION TO DISMISS

The United States argues that, upon its substitution as the defendant, the action must be dismissed because claims against the United States which are based upon libel or slander are barred by the Federal Tort Claims Act. The plaintiff has not offered any argument in opposition to the motion to dismiss other than his argument concerning the scope of employment issue.

The motion to dismiss should be granted because the Court lacks subject matter jurisdiction to hear the plaintiff's defamation claim. As explained by the Sixth Circuit Court of Appeals in Singleton:

> Pursuant to 28 U.S.C. § 1346(b)(1), the federal district courts have exclusive jurisdiction over civil actions involving claims against the United States subject to the provisions of the FTCA. The FTCA waives the sovereign immunity of the United States with respect to tort claims, providing that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. However, the FTCA excepts certain torts from this waiver of sovereign immunity, including libel and slander. 28 U.S.C. § 2680(h).

277 F.3d at 872. See also Henson, 14 F.3d at 1147-48; McAdams, 64 F.3d at 1144.

## R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully recommends that:

1) the motion of the United States of America to be substituted as the defendant (Docket Entry No. 3) be GRANTED and that the United States of America be substituted for Lori Pittman as the sole defendant in the action; and

2) the motion of the United States of America to dismiss the action (Docket Entry No. 4) be GRANTED and this action be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge